# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0440, <u>In the Matter of Lauren Dinardo and Nicholas Dinardo</u>, the court on April 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The respondent, Nicholas Dinardo (Husband), appeals the final decree issued by the Circuit Court (<u>Prevett</u>, J.) in his divorce from the petitioner, Lauren Dinardo (Wife).  We affirm.

The trial court has broad discretion in fashioning a final divorce decree.  <u>In the Matter of Braunstein & Braunstein</u>, 173 N.H. 38, 46 (2020).  Its discretion necessarily encompasses decisions concerning child support and parenting rights and responsibilities.  <u>Id</u>.  We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion.  <u>Id</u>. at 47.  This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made.  <u>Id</u>.  We will not substitute our judgment for that of the trial court or reweigh equities.  <u>Id</u>.  We also defer to the trial court's judgment in matters of conflicting testimony, evaluating witness credibility, and deciding the weight to be accorded evidence.  <u>Id</u>.

On appeal, Husband argues that the trial court unsustainably exercised its discretion by: (1) failing to make written findings about the specific special circumstances Husband argued warranted a downward deviation from the child support guidelines; (2) issuing an allegedly "confiscatory" child support order; (3) denying Husband's motion to modify the parties' partial stipulation related to the date on which they exchange the children; and (4) issuing a parenting order that Husband argues is not in the children's best interests.

As the appealing party, Husband has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's discretionary decisions, Husband's challenges to them, the relevant law, and the record submitted on appeal, we conclude that Husband has not demonstrated reversible error with respect to those

decisions.  See id.; In the Matter of Braunstein & Braunstein, 173 N.H. at 47. The request in Wife's brief for an award of appellate attorney's fees is denied. See Sup. Ct. R. 23.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**